FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB -4  PM 4: 51

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY K. WILLIAMS, *et al.*

*Plaintiffs,*

v.

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION, *et al.*

*Defendants.*

Civil Action No.: RDB-16-00312

## MEMORANDUM

On February 4, 2016, plaintiffs Rodney K. Williams and Stephanie J. Williams, who are self-represented, filed suit against JP Morgan Chase Bank, National Association ("Chase"); Mortgage Electronic Registration Systems, Inc. ("M.E.R.S."); First Horizon Home Loans ("First Horizon"); and Does 1 through 10. *See* ECF 1. The Complaint alleges jurisdiction under 28 U.S.C. §§ 1331 and 1367; 18 U.S.C. § 1964(c); and 15 U.S.C. § 1640(e). Plaintiffs appear to be domiciled in Maryland and the named defendants appear to be domiciled outside of Maryland.

According to plaintiffs, defendants have violated many statutes, such as the Federal Truth and Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); 42 U.S.C. § 1981; and Maryland law with respect to foreclosure of plaintiffs' home on Glen Ridge Road in Parkville, Maryland. They seek statutory, compensatory and punitive damages.

Accompanying the Complaint is a motion for leave to proceed in forma pauperis. ECF 3. Leave to proceed in forma pauperis will be granted.

The Complaint contains numerous causes of action. These include the following: negligent misrepresentation, against all defendants; Fraud in the Inducement, as against First Horizon and M.E.R.S.; Fraud with Malicious Intent, against all defendants; "Lack of Prudential

Standing," as against M.E.R.S. and Chase; Fraudulent Conveyance, against all defendants; "No Contract & Violations Under 42 U.S.C. § 1981, *et seq.*," against all defendants; Unfair Debt Collection Practices Under 15 U.S.C. § 1692, *et seq.*, against First Horizon and Chase; Wrongful Foreclosure, as against Chase; Recission, against First Horizon and M.E.R.S.; Slander of Title, against all defendants; Unjust Enrichment, against all defendants; "Remedial Request to Set Aside Trustee's Foreclosure Sale," against all defendants; "Remedial Request For Cancellation of Deed Upon Sale," against Chase; "Remedial Request for Quiet Title," against all defendants; "Remedial Request for Declaratory Relief," against all defendants; and "Remedial Request for Injunctive Relief," against Chase. The Complaint (ECF 1) is supported by several exhibits. *See* ECF 1-3 to 1-6.

Plaintiffs have also filed an Ex Parte Motion for a Temporary Restraining Order ("TRO") and for a preliminary injunction. ECF 2. The motion for TRO is supported by a Memorandum (ECF 2-1) as well as the Affidavit of Rodney and Stephanie Williams. ECF 2-2.

This Memorandum resolves only the TRO.[1] No hearing is necessary. *See* Local Rule 105.6. Although the Complaint may proceed, plaintiffs' motion for a TRO shall be denied.

**Background**

In their Complaint, plaintiffs, husband and wife, state they obtained a mortgage on real property located in Baltimore County, Maryland, signing a deed of trust on December 31, 2007. Foreclosure proceedings were commenced against them in the Circuit Court for Baltimore County on September 11, 2013, pursuant to Case No. 03C13010319. Plaintiffs indicate the foreclosure sale of the property occurred on October 31, 2014, and final ratification of the sale was approved by the Circuit Court on April 3, 2015, in favor of the substitute trustees. A motion for judgment awarding possession was granted by that court on October 20, 2015. ECF 1 at 10-

---

[1] The motion for TRO was presented to me in my capacity as Chambers Judge.

11 and Exhibits attached thereto. On November 9, 2015, plaintiffs' moved to set aside and vacate the order awarding possession. Plaintiffs assert that the Circuit Court for Baltimore County has ordered their eviction on or about February 19, 2016. ECF 1 at 11.

## Discussion

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95, 130 S.Ct. 1181, 1194 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, 2008 WL 4166328 (W.D. N.C 2008) (nothing in "simple foreclosure action of real property . . . suggests the presence of a federal question"). Thus, plaintiffs may not invoke this court's federal question jurisdiction to relitigate the foreclosure of their property.

Further, to the extent plaintiffs seek to enjoin the state court proceeding or seek declaratory relief regarding rights to the property at issue, the Anti-Injunction Act, 22 U.S.C. § 2283, prohibits this court from granting "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See* 28 U.S.C. § 2283. Where the Anti-Injunction Act

bars injunctive relief, issuance of a declaratory judgment that would have the same effect as an injunction is also unavailable. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction). Additionally, where equitable relief is sought regarding property that is already the subject of an ongoing in rem action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).

Under F. R. Civ. P. 65(b) "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Most of the allegations and claims contained in the Complaint are not of an emergency nature. To the extent that plaintiffs seek to enjoin eviction from their home on February 19, 2016, this Court may not proceed, for the reasons stated above.

The same analysis governs both a motion for preliminary injunction and a request for temporary restraining order. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). Therefore, I will refer to cases addressing preliminary injunctions.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren.* 553 U.S. 674, 689–90 (2008)); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir.2009), *vacated on other grounds and remanded*, 130 S.Ct. 2371 (2010), *reaff'd in part and remanded*, 607 F.3d 355 (4th Cir. 2010). A preliminary injunction is a remedy that is " 'granted only sparingly and in limited circumstances." ' *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d

4

335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir.1991)).

Thus, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–12 (1982)); *see also Real Truth About Obama*, 575 F.3d at 345 (applying the standard for preliminary injunctions set forth in *Winter*). A preliminary injunction cannot be issued unless all four of these elements are met, and "'[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction.'" *Direx Israel*, 952 F.2d at 812 (quoting *Tech. Publ'g Co. v. Lebhar–Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir.1984); *Shaffer v. Globe Prod., Inc.*, 721 F.2d 1121, 1123 (7th Cir.1983)).

Plaintiffs' submissions do not show likelihood of success on the merits with respect to the foreclosure or eviction action. Therefore, I shall deny the motion for TRO.

Although this court is constrained from granting declaratory or injunctive relief, it does have jurisdiction over plaintiff's TILA and RESPA claims. And, it has supplemental jurisdiction as to the claims under Maryland law.

An Order follows.

Date: February 4, 2016        /s/
                              Ellen L. Hollander
                              United States District Judge